IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-03015-SKC-SBP

JASON RAY CLARK,

    Plaintiff,

v.

CHARLES SCHWAB & CO. INC.,

    Defendant.

## ORDER REGARDING MOTION TO VACATE AND MOTION TO DISMISS

On November 21, 2022, Plaintiff Jason Ray Clark, proceeding *pro se*, began this case by filing his "Motion for/to: Vacate FINRA Award and Judgement [sic] for FINRA Arbitration Case #21-02439" (Motion to Vacate). In the Motion to Vacate he asks this Court to vacate an arbitral award ordered by a FINRA[1] arbitration panel and to hold a new trial in the District Court for the District of Colorado. Dkt. 1, p.27.[2] But the issues here arose much earlier when Defendant Charles Schwab & Co. Inc. terminated an Investment Advisor Services Agreement (Services Agreement) between Plaintiff, operating as Clark Brother Investments

---

[1] FINRA is short for Financial Industry Regulatory Authority, a "government-authorized not-for-profit organization that oversees U.S. broker-dealers." *About FINRA*, https://www.finra.org/about (Mar. 26, 2024).

[2] The Court uses "Dkt.__" to refer to specific docket entries in CM/ECF.

1

(CBI),[3] and Defendant. CBI, through Plaintiff, then initiated a FINRA arbitration proceeding against Defendant. *Id.* at pp.36-37, 68-71, 94.

This dispute started when Defendant notified Plaintiff by letter dated April 2, 2021, that Defendant was terminating the Services Agreement between them effective July 6, 2021. *Id.* at p.94. The Services Agreement required the parties to submit any dispute to FINRA arbitration. *Id.* at pp.69-70. Plaintiff invoked this provision and brought a FINRA arbitration against Defendant claiming it improperly terminated the Services Agreement.[4] *Id.* at pp.36, 37. Ultimately, the arbitral panel denied all of CBI's claims and held that Defendant properly terminated the Services Agreement. *Id.* at pp.115, 117.

Following the arbitral panel's decision, Plaintiff filed the instant Motion to Vacate. Dkt. 1. The Court liberally construes the Motion to Vacate as seeking vacation of the arbitral award pursuant to Section 10 of the Federal Arbitration

---

[3] Plaintiff refers to himself and CBI interchangeably. CBI appears to be an expired trade name of Plaintiff. *See* Colorado Secretary of State – Summary, https://www.coloradosos.gov/biz/TradeNameSummary.do?quitButtonDestination=BusinessEntityResults&nameTyp=TRDNM&masterFileId=20181450606&entityId2=20181450606&fileId=20181450606&srchTyp=TRDNM (Mar. 26, 2024). The Court will refer to them interchangeably, unless otherwise noted.

[4] As explained below, the substance of the arbitration is not relevant here. *See* Legal Principles & Analysis, pp.4-9, *infra*. Generally, though, Plaintiff asserted Defendant wrongfully terminated the Services Agreement with CBI, incorrectly communicated with CBI's clients about the termination, and attempted to steal CBI's clients. Dkt. 1, p.2.

Act (FAA).[5] *See* 9 U.S.C. § 10. After some confusion about the correct procedural posture of the case (irrelevant here), Defendant filed its Motion to Dismiss arguing the Court lacks subject matter jurisdiction because jurisdiction is not apparent from the face of the Motion to Vacate. Dkt. 18. Plaintiff filed his Response (Dkt. 19), and Defendant filed its Reply (Dkt. 20).

The Court carefully reviewed the Motion to Vacate, the Motion to Dismiss, associated briefing, the docket, and applicable law. No hearing is necessary. Because the Court finds the Motion to Vacate does not plead sufficient facts to establish this Court's subject matter jurisdiction, the Court GRANTS the Motion to Dismiss. Further, because the Court rules on the Motion to Dismiss, the Court DENIES AS MOOT Plaintiff's Motion to Request Status Conference (Status Conference Motion).[6] Dkt. 22.

## LEGAL PRINCIPLES

"Under the Federal Arbitration Act (FAA), [a court] may vacate an arbitrator's decision 'only in very unusual circumstances.'" *THI of N.M. at Vida*

---

[5] Because Plaintiff proceeds *pro se*, the Court must construe his Motion to Vacate and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court cannot act as his advocate, however. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] The Status Conference Motion seeks the status of the case and a hearing. Dkt. 22. Defendant filed its Response to the Status Conference Motion, but Plaintiff did not submit a reply brief. Dkt. 24. Defendant did not oppose the request for a status conference but added a request for oral argument on the Motion to Vacate. *Id.* The oral argument request is also denied as moot.

3

*Encantada, LLC v. Lovato*, 864 F.3d 1080, 1082 (10th Cir. 2017) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013)). "[J]udicial review of an arbitration award is very narrowly limited." *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (citation omitted). Courts must afford deference to arbitral awards because "any less deference would risk improperly substituting a judicial determination for the arbitrator's decision that the parties bargained for." *THI*, 864 F.3d at 1084 (citations omitted) (cleaned up).

But before a court can reach the question of whether to confirm, vacate, or modify an arbitral award, it must first have subject matter jurisdiction over the petition. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). The FAA's "authorization of a petition does not itself create jurisdiction." *Id.* "Rather, the federal court must have what [the Supreme Court has] called an 'independent jurisdictional basis' to resolve the matter." *Id.* (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "That means an applicant seeking, for example, to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Id.* at 8 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). A court may not "look-through" a petition seeking to confirm, vacate, or modify an arbitration award to the subject of the arbitration itself to find jurisdiction. *Id.* at 12. Thus, "a court may look only to the application actually submitted to it in assessing its jurisdiction." *Id.* at 5.

## ANALYSIS

Plaintiff seeks vacation of the arbitral award and a new trial in this Court. Dkt. 1, p.27. Defendant counters in its Motion to Dismiss that the Court lacks subject matter jurisdiction because Plaintiff has not alleged sufficient facts to support either federal question or diversity jurisdiction, the latter because the amount in controversy is zero dollars.[7] Dkt. 18, p.8.

Looking solely at the Motion to Vacate, the Court fails to find any claim asserting federal question jurisdiction. As the Supreme Court noted in *Badgerow*, an arbitration "award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims. And quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." *Badgerow*, 596 U.S. at 9. Plaintiff argues in his Response that, if the Court were to vacate the award, at the new trial or arbitration he has federal law issues to resolve. Dkt. 19, p.2. The Court cannot consider those arguments, however, because to do so, the Court would have to look through the Motion to Vacate to the underlying dispute. *See Badgerow*, 596 U.S. at 5. Rather, the issue raised by the Motion to Vacate concerns simply whether to enforce the

---

[7] The Motion to Vacate is also prolix. While Defendant has not raised Rule 8, the Court finds that Plaintiff's Motion to Vacate violates Rule 8's requirement for "a short and plain statement" of the basis for the Court's jurisdiction and Plaintiff's claims for relief. *See* Fed. R. Civ. P. 8(a). The Complaint is 27 pages of single-spaced text that, at times, reads more like a stream of consciousness. For this alternative reason alone, the Court finds that the Motion to Vacate should be dismissed.

5

parties' contractual resolution of their dispute—a state law matter. Thus, no federal question jurisdiction under 28 U.S.C. § 1331 exists here.

To demonstrate diversity jurisdiction exists, Plaintiff must allege complete diversity of citizenship between Plaintiff and Defendant, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015); 28 U.S.C. § 1332. Defendant does not contest that the parties have diverse citizenship. Dkt. 18, p.13. But Defendant contends the Motion to Vacate fails to plead an amount sufficient to establish diversity jurisdiction exists because the amount of the arbitral award was zero dollars. *Id.* at 14. The Court agrees with Defendant.

Prior to *Badgerow*, the Tenth Circuit stated that when considering whether to confirm an arbitral award, "[t]o determine the amount in controversy [the court] must look to 'the pecuniary effect an adverse declaration will have on either party to the lawsuit.'" *Bad Ass Coffee Co. of Haw. v. Bad Ass Coffee Ltd. P'ship*, 25 F. App'x 738, 743 (10th Cir. 2001) (quoting *City of Moore v. Atchison, Topeka & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983)). Effectively, *Bad Ass Coffee* instructed courts to look through the petition to the amount in controversy in the underlying arbitration when determining whether to confirm an arbitration award. *Id.* The Tenth Circuit has not yet, however, opined on how *Badgerow* impacts the analysis of the amount in controversy to establish diversity jurisdiction for purposes of actions brought under Section 10 of the FAA.

Nevertheless, the Tenth Circuit has cited *Badgerow*'s change to jurisdictional analyses, noting, "[t]he process for determining whether there is an independent basis for federal jurisdiction varies for different types of petitions brought under the FAA." *Matios v. City of Loveland*, No. 22-1047, 2022 WL 2734270, at *2 (10th Cir. July 14, 2022) (quoting *Badgerow*, 596 U.S. at 7-12). "For a petition to confirm an arbitration award under Section 9 of the FAA, . . . courts do not 'look through the . . . applications' to determine whether it would have jurisdiction over the underlying dispute." *Id.* (quoting *Badgerow*, 596 U.S. at 9).

Cognizant of the Tenth Circuit's limited pronouncements on *Badgerow,* this Court finds it "cannot look back or 'look through' to Plaintiff's Complaint in this case to assess its jurisdiction. Rather, the undersigned must determine whether subject matter jurisdiction is present when looking at the face of Plaintiff's Motion to Vacate." *See Graulau v. Credit One Bank, N.A.*, No. 6:19-CV-1723-WWB-EJK, 2023 WL 2930957, at *3 (M.D. Fla. Mar. 27, 2023), *appeal dismissed*, No. 23-11227, 2023 WL 4476163 (11th Cir. May 15, 2023) (motion failed to plead parties' citizenship or amount in controversy); *see also Dunbar v. Airbnb, Inc.* No. CV 21-00451 JMS-WRP, 2022 WL 17067455, at *2 (D. Haw. Nov. 17, 2022) (same). If a motion (or petition or complaint, however styled) to vacate or confirm an arbitral award does not plead facts that the arbitral award exceeded $75,000, then the Court cannot find that diversity jurisdiction exists. *See, e.g., Mitchell v. Frattini*, No. 22-CV-2352 (JGK), 2022 WL 17157027, at *3 (S.D.N.Y. Nov. 22, 2022) (amount

7

in controversy requirement not satisfied where arbitration award was $25,450); *JPay LLC v. Burton*, No. 3:22-CV-1492-E, 2023 WL 5253041, at *4 (N.D. Tex. Aug. 15, 2023) ("the value of Defendants' individual state law claims in arbitration is irrelevant for the purpose of assessing the amount in controversy"); *and see Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023) (finding diversity jurisdiction where petition sought to confirm a $4M arbitration award, exceeding the $75,000 amount in controversy requirement); *New Frontier Inv. AG v. BitCenter, Inc.*, No. 23-MC-80154-PHK, 2024 WL 459070, at *4 (N.D. Cal. Feb. 6, 2024) ("the amount in controversy requirement is based on the face of the well-pleaded complaint"); *Prospect Funding Holdings (NY), LLC v. Ronald J. Palagi, P.C., L.L.C.*, 76 F.4th 785, 788 (8th Cir. 2023), *reh'g denied*, No. 22-1871, 2023 WL 5920138 (8th Cir. Sept. 12, 2023) (application to vacate arbitration award failed to plead the parties' citizenship, thus failing to plead diversity jurisdiction).

Here, the Court finds the amount in controversy is zero dollars. The Motion to Vacate makes no allegations about the amount of the arbitration award. *See, generally,* Dkt. 1, pp.1-27. Although it does contain a calculation of Plaintiff's alleged damages (*see id.* at pp.25-26), considering those damages to determine the amount in controversy would require the Court to look through the Motion to Vacate to the underlying dispute that the parties submitted to arbitration. *See JPay*, 2023 WL 5253041, at *4 (amount of underlying dispute is irrelevant to determining amount in controversy for petition to vacate arbitration award). To be

sure, Plaintiff included the FINRA arbitration award as an exhibit to the Motion to Vacate.[8] Dkt. 1, pp.115-121. The arbitral panel denied Plaintiff's claims in their entirety and awarded no money to any party.[9] *Id.* at p.119. Thus, the amount in controversy, looking solely to the petition to vacate the arbitral award, is zero. *See Mitchell*, 2022 WL 17157027, at *3 ($25,450 arbitral award insufficient to meet amount in controversy threshold). And because the amount in controversy threshold has not been met, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332.

\*   \*   \*

Because the Court finds the Motion to Vacate fails to plead sufficient facts to allege the Court has either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under § 1332, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES, without prejudice, the Motion to Vacate. And having resolved the Motion to Vacate and the Motion to Dismiss, the Court FURTHER DENIES AS MOOT the Settlement Conference Motion.

---

[8] The Court considers the arbitral award without converting the Motion to Vacate to a motion for summary judgment because Plaintiff filed the arbitral award as an exhibit to the Motion to Vacate and the award is central to the claims raised in the Motion to Vacate and no party has disputed its authenticity. *See U.S. Olympic Comm. v. Am. Media, Inc.*, 156 F. Supp. 2d 1200, 1204 (D. Colo. 2001).

[9] The arbitration panel did assess fees for the arbitration totaling $22,650. Without deciding whether arbitration fees should be considered when evaluating the amount in controversy, even this amount fails to meet the $75,000 threshold.

DATED: March 26, 2024.

BY THE COURT

S. Kato Crews
United States District Judge